## LAWRENCE vs. FOSTER.

APPEAL from the court of the eighth district.

PORTER, J., delivered the opinion of the court. The defendant is sued on his two promissory notes, executed in favor of the plaintiff, acknowledging value received, and bearing ten per cent. interest.

*Amendments should not be allowed, when they do not promote the justice of the case.*

There were two answers put in, and a third offered and rejected; the refusal to receive the last, is the ground of one of the bills of exception.

The petition was filed on the 8th of January,

LAWRENCE
*vs.*
FOSTER.

1825 : the original answer was put in, in the month of March following. It admits the execution of the notes, but denies the other allegations in the petition. On recurring to the petition, to ascertain to what allegations this denial can refer, we find no other that are material, except that which alleges the defendant is about permanently to depart from the state, and the usual averment of the money being amicably demanded without effect.

To this denial is added a special plea; that the notes were given for, and in consideration of a tract of land, sold to the defendant; that the plaintiff falsely and fraudulently represented himself as the legal and *bona fide* owner of the same; though at the time of the sale it in fact belonged to one Elisha Harrell.

The following day a supplemental answer was filed, by which it was averred, that the notes were obtained by the plaintiff, without any just, legal, or equitable consideration; but for a false, illegal, and pretended sheriff's bill of sale, for the tract of land mentioned in the answer; and neither in law or equity could it benefit the plaintiff to the detriment of the defendant.

To this answer were joined several interro-

gatories, tending to draw from the plaintiff an acknowledgment of the facts set up in avoidance; but they were answered in the negative the same day they were filed.

The defendant then moved for a continuance of the cause, in order to obtain the testimony of a witness in Mississippi. This was granted on the condition of the plaintiff filing interrogatories; but it is stated on the record that these interrogatories were never filed, nor the deposition of the witness taken.

Six months after, and on the day before the case was tried, the defendant offered another supplemental answer, with interrogatories annexed. This the court refused to admit; and in our opinion most correctly. No explanation was offered why it was delayed so long; and a cause might be continued for ever, if the defendant could file a fresh answer every time the case was called up for trial. Amendments should not be allowed, unless to promote the justice of the case; and this we do not think had that tendency.

A bill of exceptions was taken to a decision of the judge, refusing the defendant permission to give in evidence the sheriff's deed to the plaintiff, and to prove that it was the trans-

East'n District. fer of the tract of land mentioned in the an-
*April*, 1826.
swer.   Supposing this decision to be errone-
LAWRENCE       ous, and that the deed should have been re-
*vs.*
FOSTER.        ceived, we do not think the cause ought to be
remanded.   The deed is spread on the record,
and it does not appear to us to prove in any
respect that the plaintiff has no title to the
land; or that the sale to the defendant was, as
the answer alleges, fraudulent.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Ripley & Conrad* for the plaintiff, *Hennen* for
the defendant.